IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ASHLEY SHANTORIA BURNETT**                                              **PLAINTIFF**

**VS.**                                             **CIVIL ACTION NO. 3:24-CV293-MPM-JMV**

**ASHLEY FURNITURE INDUSTRIES**                                    **DEFENDANT**

**JUDGMENT**

This cause comes before the court on the motion of defendant Ashley Furniture Industries to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6). The *pro se* plaintiff Ashley Shantoria Burnett has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, is prepared to rule.

This is a sex harassment, retaliation, wrongful termination and discrimination case, in which plaintiff seeks recovery under Title VII of the Civil Rights Act ("Title VII) and under Mississippi law. In support of its motion to dismiss, defendant makes an argument which is undoubtedly true, namely that the *pro se* plaintiff in this case has drafted a complaint which, by merely incorporating her EEOC filings, fails to comply with the requirements of the Federal Rules of Civil Procedure. While this court agrees with defendant that it could justifiably dismiss this action on this basis, its inclination in *pro se* actions is to not unduly punish plaintiffs for their lack of legal skills and to make at least some inquiry into whether they have a factual basis for any allegations of discrimination which they make.

This court concludes that, in this case, plaintiff has clearly asserted in her EEOC complaint and in her response to the motion to dismiss that she was subjected to unlawful harassment, discrimination and retaliation in this case. In plaintiff's EEOC charge, for example, she alleged that:

1

> On September 30. 2023, Christopher Howell, Supervisor, subjected me to unwelcomed sexual harassment.
> From October 9, 2023, through October 30, 2023, I was retaliated against by being made to do multiple jobs without assistance nor given enough time to complete the assigned tasks.
> On November 9, 2023, Mr. Howell kept harassing me coming to my work area when his area was on the other side of the facility.
> I believe I have been retaliated against for making a protected protest and discriminated against because of sex (female), in violation of [Title VII].

[EEOC charge at 1].

This court agrees with defendant that these allegations are too conclusory and non-specific to meet the requirements of the Federal Rules of Civil Procedure, but it nevertheless concludes that, in light of plaintiff's *pro se* status, it should at least give her an opportunity to conduct discovery and develop proof in support of her claims. Having said that, it will be necessary for plaintiff to file, at some point, an amended complaint which does more than simply incorporate her EEOC filings. For the time being, however, this court will accept plaintiff's EEOC filings and her response to the motion to dismiss as a clear indication regarding the nature of the claims which she asserts in this case, and the parties can now proceed to the discovery process.

In spite of this leniency, plaintiff is cautioned that she has already been given warnings by Judge Virden and now this court about her failure to comply with federal law in asserting her claims, and there is a limit to how much leniency even *pro se* litigants may be shown. Plaintiff is therefore advised that, in order to survive any motion for summary judgment which is filed following discovery in this case, she must develop actual proof in support of her claims during the discovery process. Barring such, this action will, in fact, be dismissed on summary judgment. With this caveat, defendant's motion to dismiss will be dismissed without prejudice to the arguments therein being raised in the context of a motion for summary judgment.

It is therefore ordered that defendant's motion to dismiss is dismissed without prejudice. This court notes that defendant has alternatively requested a trial continuance in this case, and, while such a continuance may eventually prove to be necessary, it would be premature to conclude that such is the case now. Defendant's motion to continue will therefore be denied, without prejudice to it being re-asserted at a later date.

This, the 18th day of August, 2025.

    /s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI