IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ASHLEY BURNETT**                                                                                             **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.: 3:24-CV-293-MPM-JMV**

**ASHLEY FURNITURE INDUSTRIES, LLC**                                          **DEFENDANT**

**ORDER DENYING, AS MADE, MOTIONS TO COMPEL, BUT REQUIRING
DEFENDANT TO ANSWER/RESPOND TO AMENDED DISCOVERY**

This matter is before the Court on the motions of the pro se Plaintiff, Ashley Burnett, to compel discovery responses from Defendant, Ashley Furniture Industries, LLC. [Doc. 52; 53]. Defendant filed a response in opposition to the motions on December 8, 2025. [Doc. 56; 57]. For the reasons provided below, the undersigned finds that the motion, as made, is due to be denied;[1] however, the Defendant is ordered to answer/respond to the outstanding amended discovery propounded to it on October 6, 2025, on or before December 29, 2025.

**Background and Procedural History**

A brief recitation of the procedural history of this matter is appropriate. Plaintiff, appearing pro se, filed her complaint in this matter on September 18, 2024. [Doc. 1]. The complaint was thereafter amended [Doc. 5; 6] on October 2, 2024, as required by the undersigned's order granting the motion to proceed *in forma pauperis*. [Doc. 4]. Defendant filed a Motion to Dismiss [Doc. 10] on November 5, 2024. The Court then held a case management conference on February 13, 2025, and entered a Case Management Order [Doc. 19] setting relevant deadlines. A non-jury trial was noticed for March 30, 2026 [Doc. 20].

---

[1] As detailed more fully herein, the undersigned declines to wait for the pro se Plaintiff to file a reply in support of her motions to compel because the detrimental issues with the motions to compel cannot be cured through a reply.

1

On April 15, 2025, Defendant filed a motion to stay discovery [Doc. 24], which was granted on May 5, 2025, staying discovery in the case until the earlier of a ruling on Defendant's motion to dismiss or September 30, 2025. [Doc. 25]. Then, on July 1, 2025, in consideration of the March 30, 2026, trial setting, the undersigned held a telephonic status conference with the parties and entered an order lifting the stay and resetting case management order deadlines. [Doc. 34]. Discovery was due by October 30, 2025, pursuant to said order.

On August 8, 2025, Defendant filed a motion to extend CMO deadlines and continue trial [Doc. 38], therein requesting an extension of the discovery and motions deadlines by at least eight weeks. On August 18, 2025, the District Judge entered an order denying the request to continue the trial date[2] and dismissing the motion to dismiss [Doc. 41]. In said order, the District Judge found that while Plaintiff's allegations are "too conclusory and non-specific to meet the requirements of the Federal Rules of Civil Procedure . . . in light of plaintiff's pro se status, it should at least give her an opportunity to conduct discovery and develop proof in support of her claims." [Doc. 41] at 2. The Court stated that while it will be necessary for the Plaintiff to file, at some point, an amended complaint which does more than simply incorporate her EEOC filings, for the time being, it will accept her filings and response to the motion to dismiss and "the parties can now proceed to the discovery process." *Id.*

On August 29, 2025, Plaintiff filed her first notice of service of Plaintiff's interrogatories and requests for production. [Doc. 45].[3] Plaintiff and Defendant agree that Defendant objected to

---

[2] The District Judge found that while a trial continuance "may eventually prove to be necessary, it would be premature to conclude that such is the case now." [Doc. 41] at 3.
[3] Based upon this date of service, responses to Plaintiff's first set of discovery requests would have been due by September 29, 2025.

2

Plaintiff's discovery requests.[4] According to Plaintiff, she asked defense counsel if she could amend it, and he allowed her to do so. [Doc. 53]. Thereafter, on October 6, 2025, Plaintiff served her "amended" or second set of Interrogatories and Requests for Production [Doc. 47], which she claims were "delivered on October 16, 2025." [Doc. 53]. On October 14, 2025, the District Judge entered an order continuing the March 30, 2026, trial. [Doc. 49].

On October 24th and 25th, 2025, Plaintiff filed the instant motions to compel [Doc. 52; 53]. Defendant has responded in opposition, arguing that because the amended discovery requests were served only twenty-four days before the close of discovery, it was not required to respond to those requests. [Doc. 57] at 2-3. Defendant further argues that the motion to compel is due to be denied because even assuming Plaintiff had served her discovery requests timely, Plaintiff failed to confer with counsel for Defendant regarding the responses she now seeks to compel, and she was required to do so under the local rules and the terms of the Case Management Order [Doc. 19].

**Law and Analysis**

Of importance to resolving the instant motion is the recognition of leniency or liberality required of the court when construing pro se litigants' pleadings. *Ferris v. Amazon.com Servs., LLC*, No. 3:24-CV-304-MPM-JMV, 2025 WL 1091939, at *2 (N.D. Miss. Apr. 7, 2025). However unartfully pleaded, pro se pleadings must be held to less stringent standards than formal pleadings drafted by lawyers. *Id.*, citing *Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019). Nevertheless, pro se plaintiffs must still comply with the rules of civil procedure. *Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 304 (5th Cir. 2007).

---

[4] While the Court has not been made privy to the discovery requests, Defendant avers that Plaintiff's initial discovery encompassed three interrogatories and requests for production. [Doc. 57] at 2.

3

Furthermore, "a district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Hammons v. Kirk Bros., Inc.*, No. 4:22-CV-37-MPM-JMV, 2022 WL 2707736, at *3 (N.D. Miss. July 12, 2022), citing *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). When reviewing discovery motions, courts take into account that discovery rules "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials." *Id.,* citing *Herbert v. Lando*, 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979).

With regard to motions to compel, Rule 37(a)(1) of the Federal Rules of Civil Procedure allows for a party to move for an order compelling discovery but it requires that any motion include a certification "that the movant has in good faith conferred or attempted to confer" with the opposing party it seeks to compel "in an effort to obtain [discovery] without court action." Fed R. Civ. P. 37. Rule 37(a) of the Uniform Local Rules of Civil Procedure requires before service of a discovery motion, "counsel must confer in good faith to determine to what extent the issue in question can be resolved without court intervention." L. U. R. Civ. P 37(a). Local Rule 37(a) requires that the movant attach a Good Faith Certificate, a form provided in the appendix to the rules on the Court's website, detailing the disputed issue and bearing the signature of all counsel. *Id.* Alternatively, a party may accompany a filed motion with an affidavit or 28 U.S.C. § 1746 declaration detailing a lack of cooperation and requesting appropriate sanctions. *Id.* These requirements extend to pro se parties. *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 585 (N.D. Tex. 2018).

Furthermore, Rule 37(b) of the Uniform Local Rules states that motions raising issues concerning discovery such as Interrogatories and Requests for Admission, "must quote verbatim each interrogatory ..." and must state: (1) the specific objection made; (2) the grounds for the

4

objection given, and (3) the reasons assigned by the movant as supporting the motion". L.U. R. Civ. P. 37(b). Rule 37(c) of the Uniform Local Rules of Civil Procedure states that failure to comply with either Local Rule 37(a) or (b) will result in the denial of the motion without prejudice. L.U. R. Civ. P. 37(c).

This procedure is further mandated by the Case Management Order [Doc. 19]. Pursuant to Section 6(F)(4) of the Case Management Order, in the event of a discovery dispute, the parties are required to meet and confer in good faith to resolve the dispute prior to seeking court intervention and, if they are unable to resolve the dispute, they are to request a telephonic conference with the Magistrate Judge, and if the dispute is not resolved following the discovery conference, only then are the Parties permitted to file motions to compel.

In the instant case, Defendant correctly argues that Plaintiff failed to comply with the requirements of the local or federal rules in the instant motions to compel. For those reasons, the motions to compel are due to be DENIED. However, the sole reason that Defendant articulated for not responding to Plaintiff's amended discovery was that it was noticed twenty-four days prior to the discovery deadline. The Court, recognizing Plaintiff's pro se status and exercising its sound discretion in the scope of discovery,[5] finds that Defendant should be required to answer/respond to the amended discovery requests served by Plaintiff.

---

[5] The Court is further inclined to require Defendant to answer the outstanding amended discovery requests in light of the District Judge's instructions to give Plaintiff "an opportunity to conduct discovery and develop proof in support of her claims." [Doc. 41] at 2.

**Conclusion**

Plaintiff's motions to compel [Doc. 52; 53] shall be and are hereby DENIED. However, Defendant is ordered to answer/respond to the outstanding amended discovery propounded to it on October 6, 2025, on or before December 29, 2025. In the event Defendant fails to respond or Plaintiff finds Defendant's responses unsatisfactory, Plaintiff shall be required to comply with the requirements set out herein prior to filing a motion to compel.

**SO ORDERED**, this the 10th day of December, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**